UNITED STATES of America ex rel. George W. CRAIG, Appellant,

v.

James F. MARONEY, Superintendent, State Correctional Institution, Pittsburgh, Pennsylvania,

and

Patrick N. Bolsinger, Prothonotary of Pennsylvania Supreme Court for the Western District of Pennsylvania, Pittsburgh, Pennsylvania.

No. 16762.

United States Court of Appeals Third Circuit.

Submitted on Briefs Nov. 24, 1967.

Decided Dec. 5, 1967.

Rehearing Denied Jan. 19, 1968.

George W. Craig, pro se.

Robert F. Hawk, Asst. Dist. Atty., John H. Brydon, Dist. Atty., Butler, Pa., for appellees (David L. Cook, Asst. Dist. Atty., on the brief).

Before HASTIE, FREEDMAN and VAN DUSEN, Circuit Judges.

## OPINION OF THE COURT

### PER CURIAM:

The appellant, a state prisoner serving a life sentence for murder, has taken this appeal from an order denying his petition for a writ of habeas corpus.

On October 26, 1966, the prisoner filed a petition for post conviction relief in the Court of Common Pleas of Butler County. On November 3, 1967, the state filed with us a motion to dismiss this appeal because of the pendency of the state proceeding. On November 9, 1967, the state court in Butler County, acting on its understanding of a letter from the prisoner, marked the petition for post conviction relief withdrawn in the light of the pending federal proceeding. On November 16, 1967, the prisoner filed in the Butler County court a paper which is in substance a request to reconsider and vacate the order marking the petition as "withdrawn".

In this posture of the case we think the state courts should be free to consider or reconsider whatever contentions the prisoner may present on his petition for post judgment relief without concern or embarrassment because of the pendency of a federal proceeding. We are confident that upon termination of the present action the state court will reinstate and adjudicate the merits of the prisoner's petition.

Accordingly, we will vacate the order of the district court and remand the cause with direction to dismiss the petition for habeas corpus without prejudice to the future consideration of the merits of any issue raised therein.